[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 6 August 1993 Date of Application 6 August 1993 Date Application Filed 31 August 1993 Date of Decision 25 January 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No: 92-0089156 T.
William Gerace, Esq. Counsel for the Petitioner.
John Droplick, Esq. Assistant State's Attorney.
BY THE DIVISION
The petitioner was convicted after a trial by jury of Attempted Sexual Assault First Degree in violation of Connecticut General Statutes 43a-49; 53a-70, Risk of Injury To A Minor, in violation of Connecticut General Statutes53-21 and a Violation of Probation in violation of Connecticut General Statutes 53a-32. The trial court sentenced the petitioner to eleven years suspended after serving ten on the Attempted Sexual Assault count and five years to serve on the Risk of Injury charge. The total effective sentence was eleven years suspended after serving ten with five years CT Page 1780 probation. The sentencing court also imposed a special condition of no contact with the victim and her family during the probationary period. On the violation of probation the court imposed a sentence of 20 months to serve consecutive to the previous sentence.
The record shows that the mother of a four and one-half female child filed a complaint of child sexual abuse. The petitioner who was drinking on the night in question fed the child a mixture of alcohol and soda. While the petitioner was in the child's bedroom the mother heard the child yell out "don't touch me." As the mother entered the room the petitioner was seen exiting the room. When the mother questioned the child she stated "Jason told me not to tell you, but I want to tell you." "He (the petitioner) was rubbing my pee-pee." The child went on to say that the petitioner had hurt her and that he asked her to touch his genital area and that she refused. An examination at a Hartford hospital revealed irritation of the vagina and rectum of the child.
At the hearing before the division counsel for the petitioner emphasized that the petitioner was convicted for an attempted sexual assault. He noted that the medical examination indicated no physical evidence of an assault and that the physical evidence was consistent with hygienic problems. At best the petitioner was convicted by the jury of an unwanted touching of the victim. Counsel argued that the sentence imposed was inappropriate and that a slight reduction was called for. He noted that the petitioner had a very supportive grandmother, he was an industrious and hardworking individual all of his life.
The petitioner told the panel that he has lost everything especially contact with his family. He admitted that the charges were serious and asked for some consideration in a reduction of his sentence.
The state's attorney focused the panel on the specific conduct of the petitioner noting that the child complained instantly when the act occurred. He felt that the trial court measured the petitioner's conviction with his past criminal history and imposed an appropriate sentence.
In reviewing the remarks of the sentencing court we find CT Page 1781 the appropriate weighing of the petitioner's acts he was convicted of balanced with his criminal history. The court specifically fashioned its sentence to protect the child in the future. Considering the conduct of the petitioner with a child so young we find the sentence imposed to be appropriate, not disproportionate in light of the offense, the character of the petitioner and the need to protect the public.
THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this hearing.